**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GURPREET SINGH,<br><br>          Petitioner,<br><br>   v.<br><br>PAMELA BONDI, Attorney General,<br><br>          Respondent. | No. 24-5062<br><br>Agency No.<br>A240-843-415<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2025[**]

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

    Gurpreet Singh, a native and citizen of India, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We deny the petition for review.

We do not address Singh's contentions as to the IJ's adverse credibility determination because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence supports the agency's determination that Singh is ineligible for asylum as internal relocation is a safe and reasonable option. *See* 8 C.F.R. § 1208.13(b)(3); *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("Even if the [persecution] standard is met, an applicant is still ineligible for asylum if it would be reasonable under the circumstances to relocate within the country to avoid future persecution."). Because Singh failed to show eligibility for asylum, Singh failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, Singh's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Singh failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to India. *See Aden*

*v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (explaining that internal relocation, while not dispositive, is relevant).

**PETITION FOR REVIEW DENIED.**